### STATE v. G. W. YOUNG et al.

No. A-3549. Opinion Filed Jan. 16. 1922.
(203 Pac. 490.)

Appeal from County Court, Carter County; M. F. Winfrey, County Judge.

G. W. Young, W. F. Whitson, and others, as members of the Board of County Commissioners, were jointly indicted for official misconduct in office, and the county attorney moved to transfer the indictment from the district to the county court, which motion was overruled, and the indictment quashed, and the State appeals on a reserved question. Held that the district, and not the county, court had exclusive jurisdiction, and that, the State not having appealed from the judgment quashing the indictment, such judgment is final.

See, also, 20 Okla. Cr. 383, 203 Pac. 484, 489.

S. P. Freeling, Atty. Gen., W. C. Hall, Asst. Atty. Gen., R. R. Brown, Co. Atty., and John L. Hodge, Asst. Co. Atty., for the State.

J. A. Bass, Champion & George, Brett & Mathers, and Brown & Williams, for defendants in error.

PER CURIAM. G. W. Young, W. F. Whitson, and Ben Stephens, the duly elected, qualified, and acting members of the board of county commissioners of Carter county, were jointly indicted as such on a charge that—

They "did then and there unlawfully and willfully buy from the Froebe Gray Construction Company $4,528 of road material, to wit, steel, without first advertising for bids therefor and letting the contract of the purchase of said steel at a public letting as by law provided."

The statute under which the indictment in this case is framed reads as follows:

"Any county commissioner who shall fail to perform any duty required of him by law, shall be fined in a sum not less than fifty nor more than one thousand dollars, or by imprisonment in the county jail not less than thirty days nor more than one year, or by both such fine and imprisonment." Section 1652, Rev. Laws.

This is a companion case to that of G. W. Young, W. F. Whitson, and Ben Stephens v. State, 20 Okla. Cr. 383, 203 Pac. 484, this day decided. The orders made and judgments rendered by the district and county courts are identical, and the state appeals upon the same question reserved, which has been answered in the companion case to the effect that the district court of Carter county had exclusive jurisdiction to try the indictment in this case.